1  James Juo (State Bar No. 193852)
     jjuo@fulpat.com
2  FULWIDER PATTON LLP
   Howard Hughes Center
3  6060 Center Drive, Tenth Floor
   Los Angeles, California 90045
4  Telephone: (310) 824-5555
   Facsimile: (310) 824-9696
5
   Attorneys for Plaintiff
6

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  BOOST WORLDWIDE, INC.,            Case No.   CV12- 02831 GAF (PLAx)

12            Plaintiff,              COMPLAINT

13     v.

14  A-1 WIRELESS WEB,

15            Defendant.

16

17

18      Plaintiff Boost Worldwide, Inc., a wholly-owned subsidiary of Sprint Nextel

19  Corp. ("Boost" or "plaintiff"), by and through its undersigned attorneys, as and for

20  its complaint against defendant A-1 Wireless ("A-1" or "defendant"), alleges as

21  follows:

22                    NATURE OF THE CASE

23      1.     This action arises from defendant's infringing and unauthorized use of

24  plaintiff's popular trademarks, in direct violation of plaintiff's valuable intellectual

25  property rights.  Specifically, defendant has been using plaintiff's trademarks in

26  signs, displays and other advertising without plaintiff's authorization or consent.

27  Defendant's improper conduct is likely to cause confusion or mistake, or to deceive

28

58G702.1

                              COMPLAINT

1 the public into believing that defendant's goods and services originate with, are

2 sponsored by, or are offered under Boost's supervision and control. Defendant's

3 unlawful actions are causing, and are likely to continue to cause, irreparable harm to

4 plaintiff, including to the substantial goodwill and reputation earned by plaintiff.

5     2. Plaintiff has requested that defendant cease its infringing use of

6 plaintiff's valuable trademarks. Defendant refuses to do so, thereby leaving plaintiff

7 no choice but to seek the Court's assistance. Accordingly, by this action, plaintiff

8 seeks (i) a permanent injunction restraining defendant from using plaintiff's

9 trademarks in an unauthorized manner, including by removing or taking down all

10 unauthorized signage and displays containing plaintiff's trademarks at defendant's

11 store; and (ii) damages, including reasonable attorneys' fees and treble and/or

12 punitive damages, for defendant's wrongful conduct.

13 **PARTIES**

14     3. Plaintiff Boost is a Delaware corporation with its principal place of

15 business at 6200 Sprint Parkway, Overland Park, KS 66251. Boost is a wholly-

16 owned subsidiary of Sprint Nextel Corp.

17     4. Upon information and belief, defendant A-1 is a California sole

18 proprietorship located at 1360 A.S. Broadway, Los Angeles, California 90015.

19 **JURISDICTION AND VENUE**

20     5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §

21 1331 (federal question) and 28 U.S.C. § 1338 (trademark and unfair competition), in

22 that plaintiff is alleging claims under, inter alia, the Lanham Act, 15 U.S.C. §§ 1114

23 and 1125. The Court has jurisdiction over plaintiff's common law claims pursuant

24 to 28 U.S.C § 1367 (supplemental jurisdiction).

25     6. Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(1), in that

26 defendant resides in this district.

27

28

586702.1

1    7.    Venue also is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that

2  a substantial part of the events or omissions giving rise to plaintiff's claims occurred

3  in this district.

4                                    **FACTS**

5  **A.    Boost and Its Valuable Trademarks.**

6    8.    Boost is a leading provider of prepaid wireless services.  Originally

7  launched in Australia in 2000, Boost has been at the front of the no-annual contract

8  wireless industry in the United States since 2002.  In 2007, Boost became one of the

9  first providers to launch an unlimited, flat-rate no-annual contract wireless service

10  on a dependable nationwide network.  Now wholly owned by Sprint, Boost's

11  services run on both Sprint's and Nextel's extensive networks.

12    9.    Boost is one of the most popular no-annual contract wireless brands in

13  the United States.  It focuses on providing its customers with higher value and better

14  quality services than other wireless prepaid providers.  For the year ending

15  December 31, 2010, Boost's total revenues in the United States exceeded $3 billion.

16  As of December 31, 2010, Boost offers its wireless services in all fifty states, and

17  Boost had approximately million customers nationwide.

18    10.    On October 12, 2001, Boost filed U.S. Trademark Application Serial

19  No. 76977053 for the Boost Mobile mark.  On May 17, 2005, the United States

20  Patent and Trademark Office (the "USPTO") issued registration No. 2,952,818 (the

21  "'818 Mark") to Boost for the Boost Mobile mark for use in, inter alia,

22  telecommunications and communications equipment, telephone cards for making

23  telephone calls, and telecommunications and entertainment services.  Annexed

24  hereto as Exhibit A is a true and correct copy of the certificate of registration for the

25  '818 Mark.

26    11.    On October 12, 2001, Boost filed U.S. Trademark Application Serial

27  No. 76-978305 for the Boost Mobile logo.  On October 24, 2006, the USPTO issued

28  registration No. 3,163,288 (the "'288 Mark") to Boost for the Boost Mobile logo for

1  use in connection with telephone cards for making telephone calls and

2  telecommunications services. Annexed hereto as Exhibit B is a true and correct copy

3  of the certificate of registration for the '288 Mark.

4       12.    On July 3, 2002, Boost filed U.S. Trademark Application Serial No.

5  76-429848 for the Boost mark.  On June 19, 2007, the USPTO issued registration

6  No. 3,254,019 (the "'019 Mark") to Boost for the Boost mark for use in connection

7  with, inter alia, telecommunications and communications equipment, telephone

8  cards for making telephone calls, and telecommunications and education services.

9  Annexed hereto as Exhibit C is a true and correct copy of the certificate of

10  registration for the '019 Mark.

11       13.    On October 10, 2002, Boost filed U.S. Trademark Application Serial

12  No. 76-977014 for the Re-Boost mark.  On March 29, 2005, the USPTO issued

13  registration No. 2,936,743 (the "'743 Mark") to Boost for the Re-Boost mark for use

14  in connection with smart cards for mobile telephones, Internet access and telephone

15  calling cards.  Annexed hereto as Exhibit D is a true and correct copy of the

16  certificate of registration for the '743 Mark.  The '818, '288, '019 and '743 Marks

17  hereafter collectively are referred to as the "Boost Marks" or the "Marks."

18       14.    Boost has been using the Boost Marks in commerce and in connection

19  with offering and selling its wireless telecommunication goods and services

20  continuously since at least as early as 2002.

21       15.    Since their first use, Boost's Marks for wireless telecommunications

22  products and services have become an enormously popular and widely recognized

23  brand.

24       16.    Since 2002, Boost continuously and extensively has promoted, offered

25  and sold wireless telecommunications products and services in interstate commerce

26  under, and in connection with, the Boost Marks, and Boost's products and series are

27  widely available in retail stores and on-line.

28

17.     During its years of continuously using the Boost Marks in interstate commerce, Boost has spent millions of dollars annually advertising and promoting its goods and services in a variety of media, including television, radio, print media, billboards, trade shows and the internet. Boost's services and products have received widespread media attention.

18.     As a result of Boost's continuous, extensive and exclusive use of the Marks, the Boost Marks are widely recognized and/or distinctive throughout the United States, including in Texas. The consuming public, in this state and throughout the United States, recognizes the Boost Marks to identify Boost's goods and services, and associates the Marks with Boost exclusively. Boost has established substantial goodwill and reputation with respect to its goods and services due to the consistent quality of those goods and services marketed under and in association with the Boost Marks.

**B.      Defendant Refuses to Cease Its Infringing Activities and Other Wrongful Conduct.**

19.     Boost offers, makes and sells its telecommunications goods and services in large retail chains such as Walmart, Target, Best Buy and RadioShack as well as in small, authorized retail outlets disseminated strategically and geographically throughout the country.

20.     Defendant is not an authorized direct or indirect Boost dealer. Boost has not consented, and does not consent, to defendant's use of the Boost Marks, and Boost has not authorized defendant to use the Marks in connection with the sale and/or advertising of wireless communications goods and services.

21.     Boost has discovered that defendant is, and has been, improperly using the Boost Marks. Among other things, defendant prominently is displaying the Boost Marks on signs, displays and other advertising at, and in connection with, its Los Angeles store.

22.     Boost confirmed defendant's improper use of the Boost Marks with the following photographs of defendant's storefront:

 

23.     Upon information and belief, defendant is using the Boost Marks improperly to confuse or to deceive the public into believing that defendant's goods and services originate with, or are sponsored by and/or offered with the approval of Boost, or are offered under Boost's supervision and control.

24.     Prior to commencing this action, Boost requested that defendant cease its unauthorized use of the Boost Marks, in direct violation of Boost's intellectual property rights.

25.     Specifically, by letter dated March 9, 2012, Boost's outside counsel demanded that defendant cease its unauthorized use of the Boost Marks, remove the infringing signage and displays, cease using the Marks in advertising and otherwise permanently desist from violating Boost's valuable intellectual property rights. Defendant refused to stop its wrongful conduct, thereby leaving Boost no choice but to file this action.

**COUNT ONE**

**(Trademark Infringement – 15 U.S.C. § 1125(a))**

26.    Plaintiff repeats the foregoing allegations as if fully set forth herein.

27.    Defendant's unauthorized advertising, offer for sale and promotion of its goods and services using the Boost Marks is likely to cause confusion, or to cause mistake, or to deceive the public into believing that defendant's goods and services originate with, or are sponsored by Boost, are offered with the approval of Boost, or are offered under Boost's supervision and control.  As a result, consumers may mistakenly believe that defendant's goods and services are sponsored by, affiliated with, associated with, or otherwise connected with Boost.

28.    Upon information and belief, defendant has willfully and deliberately made a false designation of origin and false representation in commerce by advertising, offering for sale and promoting their goods and services using the Boost Marks.

29.    Defendant's conduct is calculated to deceive the relevant consuming public into accepting and purchasing defendant's goods and services in the mistaken belief that they are Boost's goods and services or that they are sponsored by, connected with or supplied under the supervision.

30.    Upon information and belief, defendant has knowingly mislead and confused the public by advertising, offering for sale and promoting its wireless telecommunications goods and services using the identical Boost Marks used by Boost in connection with its wireless communications goods and services.

31.    Upon information and belief, defendant's conduct was committed, and is being committed, with the deliberate purpose and intent of appropriating and trading upon Boost's good will and reputation.

32.    Defendant's conduct is likely to deceive and cause confusion of the public and constitutes a false designation of origin and false representation in commerce in violation of 15 U.S.C. § 1125(a)(1).  As a direct result of defendant's

586702.1

1  conduct, Boost has suffered damages and defendants have profited at Boost's
2  expense.

3      33.    Defendant's conduct constitutes infringement of the Boost Mark under
4  the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

5      34.    Accordingly, Boost is entitled to the remedies provided by, <u>inter</u> <u>alia</u>,
6  15 U.S.C. §§ 1116, 1117 and 1118.

7                    **COUNT TWO**
8      **(Trademark Infringement – 15 U.S.C. § 1114))**

9      35.    Plaintiff repeats the foregoing allegations as if fully set forth herein.
10     36.    Boost is the owner of the Boost Marks, all of which have been
11  registered federally.

12     37.    Defendant's conduct is likely to deceive and to cause mistake or
13  confusion of the public and constitutes infringement of the federally registered
14  Boost Marks under 15 U.S.C § 1114.

15     38.    As a result of defendant's conduct, Boost has suffered damages and
16  defendants have acquired profits at Boost's expense.

17     39.    Defendant's conduct has caused Boost irreparable harm.  Unless
18  enjoined permanently, defendant's conduct will continue to cause irreparable harm
19  or which Boost lacks an adequate remedy at law.

20     40.    Upon information and belief, defendant's conduct has been, and
21  continues to be committed deliberately and with willful intent to reap the benefits of
22  good will associated the Boost Marks.

23     41.    As a result of defendant's conduct Boost is entitled to the remedies
24  provided by, <u>inter</u> <u>alia</u>, 15 U.S.C. § § 1116, 1117 and 1118.

25                   **COUNT THREE**
26      **(False Advertising – 15 U.S.C. § 1125)**

27     42.    Plaintiff repeats the foregoing allegations as if fully set forth herein.

28

586702.1

43.   Defendant's prominent of the Boosts Mark in connection with its store expressly represents to consumers that defendant's store offers for sale Boosts goods and services.

44.   The foregoing representation is a false and/or misleading statement of fact about defendant's store, which is not authorized to sell Boost goods and services.

45.   Defendant made the foregoing false and/or misleading representations in connection with commercial activities that affect intrastate commerce.

46.   Defendant's representation either has deceived or has the capacity to deceive a substantial segment of potential consumers.

47.   Defendant's false and/or misleading statements of fact about their offering of Boost products and services are likely to influence consumer purchasing decisions.

48.   Boost has been and is likely to continue to be injured as a result of defendant's false representations.

49.   Defendant's conduct constitutes false advertising in violation of § 43 (a)(1)(E) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

50.   Defendant's unlawful conduct has caused great and in irreparable injury to Boost and will continue to irrepealably harm Boost unless enjoined.  Upon information and belief, defendants have profited from their unlawful conduct and have been unjustly enriched to the detriment of Boost.  Defendant's unlawful conduct has caused Boost to suffer monetary damages in the amount to be determined by the trier of fact.

## COUNT FOUR

### (Common Law Unfair Competition)

51.   Plaintiff repeats the foregoing allegations as if fully set forth herein.

52.   Defendant's conduct unlawfully permits defendants to use and to benefit from the good will and the reputation earned by Boost to obtain a ready

586702.1

customer acceptance of defendant's goods and services and constitutes common law unfair competition, and misappropriation in violation of this state's common law. Accordingly, Boost is entitled to recover damages for defendant's wrongful conduct and to receive any and all other remedies provided by this state's common law.

## COUNT FIVE

### (Common Law Unjust Enrichment)

53.    Plaintiff repeats the foregoing allegations as if fully set forth herein.

54.    Defendant has unjustly retained a benefit to Boost's detriment and continues to do so, causing damages to Boost. Defendant's retention of this benefit violates the fundamental principles of justice, equity, and good conscience and Boost therefore is entitled to just compensation under the common law of this state.

## COUNT SIX

### (Unfair Competition – California Business & Professions Code § 17200)

55.    Plaintiff repeats the foregoing allegations as if fully set forth herein.

56.    Defendants' conduct constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code § 17200, *et seq.*

57.    Upon information and belief, Defendant's wrongful conduct has proximately caused and will continue to cause Plaintiff substantial injury, including without limitation a loss of potential revenues, dilution of goodwill, confusion of potential partners and customers, and diminution of the value of the Boost Marks. Accordingly, Boost is entitled to recover damages for defendant's wrongful conduct and to receive any and all other remedies provided by this state's Unfair Competition Law under California Business & Professions Code § 17200, *et seq.*

1    WHEREFORE, plaintiff demands judgment in favor of plaintiff and against

2  defendant as follows:

3    A.    Permanently enjoining defendant from the unauthorized use of the

4  Boost Marks, including without limitation by requiring defendant to remove any and

5  all existing signage and destroy all advertising, displays, literature and other

6  materials bearing the Boost Marks in a way that would violate the injunction entered

7  herein;

8    B.    Pursuant to 15 U.S.C. § 1116, requiring defendant to file with the

9  Court, and serve on plaintiff,  a written report under oath detailing the manner in

10  which defendant has complied with the injunction entered by the Court;

11    C.    Awarding plaintiff actual, compensatory and consequential damages in

12  an amount to be determined by the trier of fact;

13    D.    Awarding plaintiff the profits derived by defendant as a result of its

14  infringing activities;

15    E.    Pursuant to 15 U.S.C. § 1117, or as otherwise allowed for by law,

16  awarding plaintiff treble and/or punitive damages;

17    F.    Awarding plaintiff its reasonable attorneys' fees;

18    G.    Awarding plaintiff pre- and post-judgment interest, as allowed for by

19  law; and

20    H.    Such other and further relief as the Court deems just and proper.

21

22  DATED:  March 30, 2012        Respectfully submitted,

23

24                              FULWIDER PATTON LLP

25                              By:

26                              James Juo
                                Attorneys for Plaintiff
27

28

Int. Cls.: 9, 16, 38, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 104, and 107

**United States Patent and Trademark Office**

Reg. No. 2,952,818
Registered May 17, 2005

## TRADEMARK
### SERVICE MARK
#### PRINCIPAL REGISTER

# BOOST MOBILE

BOOST WORLDWIDE, INC. (DELAWARE CORPORATION)
2001 EDMUND HALLEY DR
RESTON, VA 20191

FOR: TELECOMMUNICATIONS AND COMMUNICATIONS EQUIPMENT, APPARATUS AND SYSTEMS FOR RECORDING, TRANSMISSION, RECEPTION, PROCESSING, RETRIEVAL, REPRODUCTION, MANIPULATION, ANALYSIS, DISPLAY AND PRINT OUT OF SOUND, IMAGES OR DATA, NAMELY MOBILE RADIOS, TWO-WAY RADIOS, CELLULAR TELEPHONES, DIGITAL CELLULAR TELEPHONES, MOBILE TELEPHONES, MOBILE DATA RECEIVERS AND TRANSMITTERS; ENCODED SMART CARDS, NAMELY PREPAID SMART CARDS FOR MOBILE TELEPHONES, INTERNET ACCESS, AND TELEPHONE CALLING CARDS; ACCESSORIES FOR CELLULAR TELEPHONES AND ALL OTHER COMMUNICATIONS DEVICES, NAMELY, PROTECTIVE COVERS FOR MOBILE PHONES, MICROPHONES AND SPEAKERS, PHONE CRADLES, AND TELEPHONE HOLSTERS AND DOWNLOADABLE PRE-RECORDED RINGTONES; INTERACTIVE VIDEO GAME SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

FOR: POSTERS, STICKERS; PLASTIC OR PAPER CARDS WITHOUT MAGNETIC ENCODING, NAMELY, TELEPHONE CARDS FOR MAKING TELEPHONE CALLS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

FOR: TELECOMMUNICATION SERVICES, NAMELY, PROVIDING VOICE, DATA, PICTURES, MUSIC AND VIDEO VIA WIRELESS NETWORKS AND TWO-WAY RADIO DISPATCHING SERVICES, ELECTRONIC TRANSMISSION OF VOICE, TEXT, IMAGES DATA AND INFORMATION BY MEANS OF TWO-WAY RADIOS, MOBILE RADIOS, CELLULAR TELEPHONES, DIGITAL CELLULAR TELEPHONES, MOBILE TELEPHONES; MOBILE TELEPHONE COMMUNICATION SERVICES; WIRELESS INTERNET ACCESS SERVICES; AND WIRELESS DATA SERVICES FOR MOBILE DEVICES VIA A WIRELESS NETWORK FOR THE PURPOSE OF SENDING AND RECEIVING ELECTRONIC MAIL, DATA, IMAGES, INFORMATION, TEXT, NUMERIC MESSAGING AND TEXT MESSAGING AND FOR ACCESSING A GLOBAL COMMUNICATIONS NETWORK, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

FOR: ENTERTAINMENT SERVICES, NAMELY ORGANIZING COMMUNITY SPORTING AND CULTURAL EVENTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-18-2002; IN COMMERCE 1-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MOBILE", APART FROM THE MARK AS SHOWN.

SN 76-977,033, FILED 10-12-2001.

DOUGLAS LEE, EXAMINING ATTORNEY

Exhibit A

Int. Cls.: **16 and 38**

Prior U.S. Cls.: **2, 5, 22, 23, 29, 37, 38, 50, 100, 101, and 104**

## United States Patent and Trademark Office

Reg. No. 3,163,288
Registered Oct. 24, 2006

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**



BOOST WORLDWIDE, INC. (DELAWARE COR-
PORATION)
2001 EDMUND HALLEY DRIVE
RESTON, VA 20191

FOR: STICKERS, PLASTIC OR PAPER CARDS
WITHOUT MAGNETIC ENCODING, NAMELY,
TELEPHONE CARDS FOR MAKING TELEPHONE
CALLS , IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38
AND 50).

FIRST USE 9-0-2002; IN COMMERCE 9-0-2002.

FOR: TELECOMMUNICATIONS SERVICES,
NAMELY, PERSONAL COMMUNICATION SERVI-

CES; TELEPHONE COMMUNICATION SERVICES,
IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 9-0-2002; IN COMMERCE 9-0-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "MOBILE", APART FROM THE
MARK AS SHOWN.

SN 76-978,305, FILED 10-12-2001.

ANGELA M. MICHELI, EXAMINING ATTORNEY

Exhibit B

**13**

Int. Cls.: 9, 16, 38, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 104, and 107

## United States Patent and Trademark Office

Reg. No. 3,254,019
Registered June 19, 2007

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## BOOST

BOOST WORLDWIDE, INC. (DELAWARE CORPORATION)
2001 EDMUND HALLEY DR.
RESTON, VA 20191

FOR: TELECOMMUNICATIONS AND COMMUNICATIONS EQUIPMENT, APPARATUS AND SYSTEMS FOR RECORDING, TRANSMISSION, RECEPTION, PROCESSING, RETRIEVAL, REPRODUCTION, MANIPULATION, ANALYSIS, DISPLAY AND PRINT OUT OF SOUND, IMAGES OR DATA, NAMELY MOBILE RADIOS, TWO-WAY RADIOS, CELLULAR TELEPHONES, DIGITAL CELLULAR TELEPHONES, MOBILE TELEPHONES, DISPATCH RADIOS, PAGERS, MOBILE DISPATCH RADIOS, MOBILE DATA RECEIVERS AND TRANSMITTERS; ENCODED SMART CARDS, NAMELY PREPAID SMART CARDS FOR MOBILE TELEPHONES, INTERNET ACCESS AND TELEPHONE CALLING CARDS; ACCESSORIES FOR CELLULAR TELEPHONES AND ALL OTHER COMMUNICATIONS DEVICES, NAMELY, PROTECTIVE COVERS FOR MOBILE PHONES, MICROPHONES AND SPEAKERS, PHONE CRADLES, AND TELEPHONE HOLSTERS AND DOWNLOADABLE PRE-RECORDED RINGTONES; INTERACTIVE VIDEO GAME SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-1-2002; IN COMMERCE 9-1-2002.

FOR: POSTERS, STICKERS, PRINTED INSTRUCTIONAL AND TEACHING MATERIAL MADE OF PAPER OR CARDBOARD FEATURING INFORMATION ON THE SUBJECT OF TELECOMMUNICATIONS PRODUCTS AND SERVICES; PAPER FOR WRAPPING AND PACKAGING; PUBLICATIONS, NAMELY, BROCHURES, JOURNALS, LEAFLETS, MAGAZINES AND PERIODICAL PUBLICATIONS FEATURING INFORMATION ON THE SUBJECT OF TELECOMMUNICATIONS PRODUCTS AND SERVICES; PLASTIC OR PAPER CARDS WITHOUT MAGNETIC ENCODING, NAMELY, TELEPHONE CARDS FOR MAKING TELEPHONE CALLS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 9-1-2002; IN COMMERCE 9-1-2002.

FOR: TELECOMMUNICATIONS SERVICES, NAMELY, TRANSMISSION OF VOICE, DATA, PICTURES, MUSIC AND VIDEO VIA WIRELESS NETWORK AND TWO WAY RADIO DISPATCHING SERVICES; TELECOMMUNICATION SERVICES, NAMELY, PROVIDING WIRELESS MULTIPLE-USER ACCESS TO THE INTERNET; DATA TRANSMISSION AND RECEPTION SERVICES VIA WIRELESS TELECOMMUNICATIONS MEANS, NAMELY, THE WIRELESS TRANSMISSION AND RECEPTION OF ELECTRONIC MAIL, FACSIMILES, DATA, IMAGES, INFORMATION, TEXT, NUMBER MESSAGING AND TEXT MESSAGING; AND TELECOMMUNICATION SERVICES NAMELY, PROVIDING WIRELESS MULTIPLE-USER ACCESS TO THE INTERNET, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 9-1-2002; IN COMMERCE 9-1-2002.

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING CLASSES AND TRAINING IN THE FIELDS OF TELECOMMUNICATIONS PRODUCTS AND SERVICES, MARKETING, BRAND DEVELOPMENT AND ADVERTISING, AND DISTRIBUTING COURSE MATERIALS IN CONNECTION THEREWITH VIA THE INTERNET, LOCAL AREA NETWORKS, VIRTUAL PRIVATE NETWORKS, TELEPHONES, MOBILE DATE RECEIVERS AND TRANSMITTERS; ENTERTAINMENT SERVICES, NAMELY ORGANIZING COMMUNITY SPORTING AND CULTURAL EVENTS; PROVIDING PROGRAMMING SERVICES FOR TELEVISION, VIDEO, RADIO, MOTION PICTURES, AND LIVE VIDEO FEED VIA COMPUTER NETWORKS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

Exhibit C

FIRST USE 9-1-2002; IN COMMERCE 9-1-2002.

OWNER OF U.S. REG. NO. 2,606,564.

SN 76-429,849, FILED 7-3-2002.

BILL DAWE, EXAMINING ATTORNEY

Exhibit C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

**Reg. No. 2,936,743**

## United States Patent and Trademark Office

Registered Mar. 29, 2005

### TRADEMARK
#### PRINCIPAL REGISTER

### RE-BOOST

BOOST WORLDWIDE, INC. (DELAWARE COR-
PORATION)
2001 EDMUND HALLEY DR.
RESTON, VA 20191

FOR: ENCODED SMART CARDS, NAMELY,
PREPAID SMART CARDS FOR MOBILE TELE-
PHONES, INTERNET ACCESS AND TELEPHONE
CALLING CARDS, IN CLASS 9 (U.S. CLS. 21, 23, 26,
36 AND 38).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

OWNER OF U.S. REG. NO. 2,606,564.

SN 76-977,014, FILED 10-10-2002.

DOUGLAS LEE, EXAMINING ATTORNEY

Exhibit D

**16**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 2831 GAF (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BOOST WORLDWIDE, INC., | A-1 WIRELESS WEB |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| FULWIDER PATTON LLP        310-824-5555<br>6060 Center Drive, Tenth Floor<br>Los Angeles, California 90045 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act, 14 U.S.C. §§ 1114 and 1125; Trademark infringement and unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

## CV12-02831

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 30, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |